J. H. McMurtry, appellee, v. Asa S. Edgerly, appellant, and John S. Gregory, appellee.

Bankruptcy: discharge: fraud: injunction. One M. brought an action in equity to enjoin a sale upon execution of real estate owned by him, upon the ground that since the recovery of the judgment he had been discharged from the debt by proceedings in bankruptcy. To this petition the defendant answered in

substance that while said proceedings in bankruptcy were pend-- ing the plaintiff was the owner of the real estate in controversy in the name of another, and that he fraudulently failed to list the same as a part of his assets. *Held,* That the court as a con- dition of granting relief should apply the maxim "he who seeks equity must do equity," and that relief may be denied except upon condition of paying the debt.

APPEAL from the district court of Lancaster county. Heard below before HAYWARD, J.

*Ryan Bros.,* for appellant Edgerly.

*J. R. Webster,* for appellee McMurtry.

*J. S. Gregory,* for appellee Gregory.

MAXWELL, CH. J.

In June, 1884 the plaintiff filed a petition in the office of the clerk of the district court of Lancaster county sub- stantially as follows:

"1. Plaintiff alleged the rendition in said district court of a judgment in favor of Edgerly against J. H. McMur- try, John S. Gregory, and J. M. Young, on October 10, 1876, for $605,75.

"2. That on August 2d, 1878, the plaintiff was, by the consideration of the district court of the United States in and for the district of Nebraska, wherein the plaintiff then resided, duly adjudged and declared to be a bankrupt, and in said proceeding of bankruptcy the said indebtedness due said Edgerly was by this plaintiff duly reported and sched- uled, and said Edgerly duly filed and made proof of his said claim, and afterwards this plaintiff was, in considera- tion of said court on the 15th of March, 1879, duly and legally adjudged to be and was discharged and absolved of and from all liability to his creditors of date prior to the filing in said court of his petition in bankruptcy, and prior to August 2d, 1878, including his said liability to

said Edgerly for or on account of indebtedness subsisting or accruing before said 2d day of August, 1878, the date of such adjudication in bankruptcy.

" 3.   The indebtedness upon which said judgment was recovered was a simple contract obligation, and not for moneys received in an official or fiduciary capacity or as trustee, or yet for any class or character of indebtedness created by fraud or embezzlement or defalcation as public officer, by the plaintiff, or yet while he was acting in any fiduciary character, nor was said debt in any way within any class of indebtedness excepted from the operation of the acts of congress relating to bankruptcy and the discharge of insolvent debts, under the acts and proceedings in bankruptcy, from further liability as debtors upon compliance with the acts aforesaid, and under proceedings thereunder had and taken; and the plaintiff herein, by reason of the provisions of the law of bankruptcy and the proceedings aforesaid thereunder in said court duly had, and adjudication of discharge aforesaid, is entitled to be discharged of liability upon the defendant Edgerly's said judgment and is discharged therefrom; yet said Edgerly, though well knowing the facts aforesaid, claims and pretends that this plaintiff is not discharged of liability; and lately on May 18, 1882, said Edgerly caused to be issued out of this court a writ of execution and placed the same in the hands of the sheriff of Lancaster county, Nebraska, and directed said sheriff to levy upon the lands and goods of this plaintiff for the satisfaction of said judgment, and said sheriff at the commencement of the action was threatening to levy and was about to levy said execution on the property of the plaintiff, and unless enjoined the sheriff will so levy the same on the property of the plaintiff, and plaintiff avers that said judgment is satisfied and discharged as against the plaintiff, and that said execution ought not to have been issued against the plaintiff, and should be by the court recalled and annulled so far as the same affects the

plaintiff; and plaintiff says the plaintiff is the owner of a large amount of personal property, and also owns real estate in said county of Lancaster, among which is lot 2 in block 39, and lot 12 in Young's East Lincoln addition, which are of value to the plaintiff; but said judgment so set up and asserted by the defendant, Asa S. Edgerly, is a cloud on the plaintiff's title to his said lands, and the value thereof is thereby much impaired, and plaintiff is by the assertion and claim of said judgment barred to enjoy the title to the same, or his proprietorship in said lands, or to sell the same as freely as by law is his right.

"4.  Plaintiff further says the defendant, Asa S. Edgerly, ought not further to be permitted to set up or insist on said judgment, or to assert the same against plaintiff, because after the commencement of this action, about November 16, 1885, this plaintiff and said Edgerly had an accord and satisfaction of their mutual demands growing out of said judgment proceedings in bankruptcy and this action, and plaintiff exhibited to said Edgerly the said discharge in bankruptcy, it was by said Edgerly proposed to this plaintiff that if this plaintiff would pay the costs of this suit to that time accrued, the said Edgerly would no further prosecute the defense of this action, but would consent that said judgment should be decreed discharged as to this plaintiff and the preliminary injunction herein issued be made perpetual, to which proposed accord the plaintiff agreed and said stipulation was thereupon, on November 17, 1882, reduced to writing and signed and filed in said cause and was and is as follows, viz :

" It is hereby stipulated by and between the said plaintiff, James H. McMurtry, and the defendant, Asa S. Edgerly, that the said plaintiff did obtain discharge in bankruptcy as alleged ; that the injunction be made perpetual as prayed in said petition, and said judgment adjudged to be released and discharged as to said McMurtry, and to be no lien upon his property.  Complete record is by parties

to this stipulation waived. Plaintiff waives right to re-
cover or have taxed his costs herein. Above stipulation
and judgment to be without prejudice to the rights of Asa
S. Edgerly against said defendant Gregory, or others in-
terested with him, and cause to proceed on cross-petition
of said Gregory.

"J. R. WEBSTER, FOR McMURTRY,

"BROWN & RYAN BROS., FOR A. S. EDGERLY.

"And thereupon, and on November 16, 1882, it was by
the court considered, ordered, and adjudged, and decreed
as follows:

"'That the judgment rendered against said James H.
McMurtry *et al.*, in favor of said Edgerly, be and the same is
hereby annulled, discharged, and satisfied of record so far
as the plaintiff herein is affected thereby, and is further ad-
judged not to be a lien on real estate mentioned in petition,
or yet on any real estate of the plaintiff herein, and that
said defendant, Asa S. Edgerly, be and is hereby en-
joined and restrained from at any time hereafter claiming or
averring that this plaintiff is liable on said judgment and
from ordering execution thereon to be issued against the
plaintiff, and from in any way attempting to enforce said
judgment, and that said McMurtry pay all costs herein ex-
pended, taxed at $8.25, and cause to proceed on cross-peti-
tion of said Gregory, as per stipulation herein filed and en-
tered,' which said judgment appears of record at page 188,
of Journal I. of this court in this cause, and plaintiff says
that no proceedings of appeal or error ever have been taken
from said judgment to the supreme court at any time, nor
has notice of appeal or summons in error at any time been
issued from the supreme court in said case against the plain-
tiff, or been served on him, nor has any exception or ob-
jection been taken to said judgment by any of the parties
thereto, but the same has ever since been abided by by all
the parties thereto, and plaintiff did, by stipulation and judg-
ment on his part, abide, and he paid the costs of this court

aforesaid, $8.25, no part of which at any time has ever been repaid or tendered to be repaid by any one at any time to this plaintiff.

"And plaintiff shows that afterwards said cause proceeded between said Gregory and said Edgerly as adversary parties, and such proceedings were had that afterwards, on November 22d, 1883, a judgment was by this court rendered in said cause in favor of said Edgerly against said Gregory; that said Gregory was not discharged from his liability on said judgment, from which said Gregory afterwards appealed to the supreme court from the judgment so pronounced by this court November 22d, 1883, on the cross-issue made between himself and said Edgerly; and such proceedings were in such appeal had that afterward, and on the ...... day of ........, 188..., the supreme court set aside and annulled said judgment, but plaintiff shows that no notice of error or appeal was served on him in said appellate proceedings, nor did he appear in the same nor submit his rights to the supreme court for review, but that the plaintiff now pretends that the supreme court set aside and annulled said judgment November 16, 1882, and claims that said judgment is annulled and set aside, and by motion induced this district court, on June 3d, 1885, to set aside, vacate, and annul the same, without notice of any kind to the plaintiff; but plaintiff avers that said judgment of November 16, 1882, is in full force and virtue, and that neither the supreme court nor this court had any jurisdiction to set aside said judgment, and that the supreme court did not assume to set aside the same, and that the order of the court assuming so to do was without jurisdiction, and was of no effect, and void.

"Wherefore plaintiff prays the court that said judgment rendered in favor of said Edgerly, the 10th of October, 1876, in this court, may be annulled, discharged, and satisfied of record so far as the plaintiff is affected thereby, and be adjudged not to be a lien on said real estate, or yet on any real estate of the plaintiff.

" 2. That the order of ·this court of June 3d, 1885, as-suming to vacate and annul plaintiff's judgment of November 16th, 1882, may be annulled and vacated and set aside, and plaintiff's said judgment held to be void.

"3. That said defendant Asa S. Edgerly may be enjoined and restrained from at any time hereafter claiming or averring that the plaintiff is liable on ·said judgment, and from ordering execution thereon to be issued against this defendant, and from in any way attempting to enforce said judgment pending this suit.

"4. That defendant may be enjoined from asserting said judgment of November 16th, 1882, to have been vacated, or that said order of June 3d, 1885, to be valid, or of any force or virtue whatever.

" 5. For such other or different relief as the plaintiff ought in equity to have, and for costs."

The defendant Edgerly, in his answer, as a third defense, "denies that McMurtry was entitled to his discharge in bankruptcy, and denies that a discharge in bankruptcy was ever by him obtained which operated as a release of the judgment, in favor of the defendant against the plaintiff and the other parties herein, or any of them; and for want of information sufficient to form a belief, defendant denies every other allegation in paragraph two.

" Fourth Defense. Defendant admits that the debt of the other parties herein to this defendant (whereon judgment was rendered) was founded upon a simple contract, and said judgment was simply for the amount due by the terms of said contract by reason of the failure of the obligors to pay a debt as they had agreed to do. Said debt was not created in a trust, fiduciary, or official relation, neither by fraud or by embezzlement in an official or other capacity. Defendant denies every other allegation in paragraph three of plaintiff's amended petition, except that the judgment in favor of this defendant against McMurtry is a lien on the real property, which this defendant

admits, and asserts that said judgment should be satisfied out of the lands and goods of the plaintiff herein.

"Fifth Defense. Defendant denies each allegation of paragraph four of plaintiff's amended petition. Denies that this defendant was party to or cognizant of such an agreement as is set out in paragraph four of plaintiff's amended petition, and avers that if such an agreement was entered into it was without the knowledge or assent of this defendant, and this defendant therefore repudiates the same; that it was without consideration; that McMurtry has never paid this defendant anything thereon, nor suffered anything in consequence thereof. The stipulation was unauthorized, and therefore void as to the defendant.

"Sixth Defense. Defendant avers that during the alleged pendency of the bankrupt proceedings, which plaintiff alleges resulted in the discharge of plaintiff, the plaintiff was fraudulently concealing property in the name of Henry E. Wells, a near relative of said plaintiff. That plaintiff originated and carried through said bankrupt proceedings fraudently and with the intention of defrauding his creditors, among whom was this defendant. That said plaintiff scheduled among his assets no property subject to execution, but during the whole proceedings instituted and carried on by plaintiff for his discharge, a large amount of real property was held in trust for plaintiff by Henry E. Wells aforesaid, and other parties to this defendant unknown. That plaintiff herein was an equitable owner of said property, and procured the legal title to be vested in trust for him as aforesaid, and in fraud of the rights of this defendant withheld said property from the list of his assets, and from being applied to the payment of his debts, and from administration upon as a part of his estate in bankruptcy. This defendant alleges that the value of the property so held for the benefit of said plaintiff herein far exceeded the amount of the judgment of this defendant against said plaintiff herein, and that by reason of the false

statements and fraudulent practice in the proceedings in bankruptcy, plaintiff's alleged discharge in bankruptcy is not valid as against the judgment in favor of this defendant against plaintiff.

" Seventh Defense. This defendant, further answering, says this court has no jurisdiction to enforce the orders in bankruptcy or otherwise of the courts of the United States, and that a state of facts properly cognizable in a court of equity is not disclosed in the plaintiff's petition."

The plaintiff demurred separately to the 4th, 5th, 6th and 7th defenses, upon the ground that the facts stated therein were not sufficient to constitute a defense. The demurrer was sustained to the 6th and 7th defenses, and on the trial of the cause the court found the issues in favor of the plaintiff, and rendered a decree accordingly.

It will be observed that the allegations of the sixth count are, in substance, that the plaintiff was the owner of the property levied upon in this case during all the time that the proceedings in bankruptcy were pending, but that he did not list the same as a part of his assets. There are charges of fraudulent intent which need not be referred to here.

The plaintiff comes into a court of equity asking that the defendant, among other things, be enjoined from selling the real estate in question to pay a judgment recovered before the proceedings in bankruptcy were instituted, the plaintiff, if the allegations of the answer are true, being the owner of all of said real estate during the time such proceedings were pending. If this is true, the familiar maxim of equity will apply that he who seeks equity must do equity. This rule has been frequently applied in cases of usury which had rendered the contract void, yet a party seeking discovery or relief therefrom could obtain the relief only upon the terms of paying the lender the sum actually loaned with lawful interest. *Post v. Bank*, 7 Hill, 391. *Rogers v. Rathbun*, 1 Johns. Ch., 367. *Tup-*

*per v. Powell*, Id., 439.    *Fanning v. Dunham*, 5 Id., 142,
*Livingston v. Harris*, 3 Paige, 533, 11 Wend., 329.
*Vilas v. Jones*, 1 Comst., 278.    *Legoux v. Wante*, 3 Har.
& John., 184.

In *Rogers v. Rathbone*, 1 John. Ch., 367, Chancellor
Kent says: " The bill prays for a discovery of the usury
charged, and consequently to subject the defendant to a
forfeiture at law of his whole debt; and as the bill does
not contain an offer or tender of the sum actually borrowed,
with the lawful interest, after crediting the eleven per cent
already advanced, the motion cannot be granted.    It is a
settled principle, that he who seeks equity must do equity;
and if the borrower comes into this court for relief against ·
his usurious contract, he must do what is right as between
the parties, by bringing into court the money actually ad-
vanced, with the legal interest, and then the court will lend
him its aid as against the usurious excess."    In the usury
cases referred to, the contract was void at law, yet the
courts of equity refused to grant relief except upon condi-
tion that the party seeking relief should do justice by pay-
ing what was equitably due.    So in this case, the plaintiff
seeks relief upon strictly legal grounds, yet the court, as a
condition of granting such relief, may require him to do
justice by the application of property held by him, but not
listed in the bankruptcy proceedings to the payment of the
debt.    The 6th count of the answer, therefore, does state
a defense to the petition.

The judgment of the district court is reversed, and the
cause remanded to the court below for further proceedings.
No reference need be made to the seventh count, as the
jurisdiction of the court is undoubted.

REVERSED AND REMANDED.

THE other judges concur.